IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 09-30020 |
| KENNETH G. CRISSEY, | ) ) ) | |
| Defendant. | ) ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This cause is before the Court on Defendant Kenneth G. Crissey's Motion for Leave to File Out-of-Time Appeal Pursuant to Federal Rules of Appellate Procedure (d/e 37) and Motion for Hearing (d/e 38). For the reasons that follow, the Motions are DENIED.

### I. BACKGROUND

In February 2009, Defendant was charged with two counts of distribution of child pornography (Counts 1 and 2), one count of possession of child pornography (Count 3), and a forfeiture count (Count

4). See Indictment, d/e 2. In April 2009, Defendant pled guilty pursuant to a Plea Agreement. See Plea Agreement (d/e 10). In the Plea Agreement, Defendant waived his right to appeal his conviction and sentence and waived his right to collaterally attack the conviction and/or sentence. See Plea Agreement, p. 19-20.

On September 21, 2009, the Court sentenced Defendant to 204 months on each of Counts 1 and 2 and 120 months on Count 3, all to run concurrently, and lifetime supervised release on all counts. The Court also forfeited all property listed in Count 4 of the Indictment. On September 25, 2009, the Judgment was entered. No direct appeal was filed.

On July 9, 2012, Defendant filed the Motion for Leave to File Out-of-Time Appeal Pursuant to Federal Rule (Motion) (d/e 37) and a request for a hearing (d/e 38). In the Motion, Defendant asserted that he told trial counsel to file a notice of appeal notwithstanding the appellate waiver provisions in the Plea Agreement. (The record shows that Assistant Federal Defender Robert Joseph Scherschligt represented

Defendant.) Defendant asserts that he wanted to challenge the constitutionality of the lifetime supervised release and the "sexual predator" classification. According to Defendant, trial counsel told Defendant he would file the notice of appeal.

On December 10, 2010, Defendant contacted trial counsel regarding the status of his appeal. Defendant attached to his Motion the January 14, 2011 response he received from Assistant Federal Defender Thomas C. Wilmouth. Attorney Wilmouth explained why Defendant had no grounds for appeal. Attorney Wilmouth also noted:

> In any event, your plea agreement[]called for you to waive your right to appeal any portion of your case, including a right to allege[] your lawyer was ineffective before the Court, pursuant to a habeas corpus challenge under 28 U.S.C. § 2255. As I see it then, the only appeal right you have left is to file a petition under 28 U.S.C. § 2255 that alleges your lawyer was ineffective for allowing you to enter into a plea agreement that had you waive your habeas corpus appeal rights. You win that, you may be able to get your habeas corpus appeal right back. Any filing of a petition under 28 U.S.C. § 2255 must be filed within one-year of the conclusion of your case, which in this instance would have been one year from September 25, 2009. As such, I believe your habeas corpus

appeal rights have passed.

Defendant also supported his Motion with his own Affirmation, stating that he directed trial counsel to timely file a notice of appeal and counsel failed to do so.

## II. ANALYSIS

Defendant asserts that his trial counsel "had a constitutional obligation to file a timely notice of appeal on the defendant's behalf regardless of the appellate waiver provisions contained within the plea agreement" and that by failing to do so, counsel's performance was constitutionally defective. Motion, p. 5 (d/e 37).

Defendant brought his motion pursuant to the Federal Rules of Appellate Procedure. Construing Defendant's motion as one to extend the time for filing a notice of appeal, the Court finds that his request comes too late.

Federal Rule of Appellate Procedure 4(b)(4) provides that a district court may, "[u]pon a finding of excusable neglect or good cause, . . . extend the time to file a notice of appeal for a period not to exceed 30

days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4); see also United States v. Nasierowski, 2006 WL 463592, at *2 (E.D. Wis. 2006) (extension of time cannot exceed 30 days); United States v. Cosey, 2010 WL 502701, at *1 (C.D. Ill.2010) (finding the defendant's motion for extension of time to file a late notice of appeal was "time-barred under Rule 4(b)(4) because considerably more than 30 days" had expired). When Defendant was sentenced, a notice of appeal was due within 10 days of September 25, 2009–"the entry of either the judgment or order being appealed." Fed. R. App. 4(b)(1)(A)(I).[1] Therefore, Defendant July 9, 2012 motion seeking leave to file a late notice of appeal is untimely.

The issues raised by Defendant in his Motion may fall under 28 U.S.C. § 2255, although, as noted by Attorney Wilmouth, the statute of limitations may have run. See 28 U.S.C. § 2255(f) (providing for a one-year statute of limitations, which shall run from the latest of a number of dates, including "the date on which the judgment of conviction becomes

---

[1] Effective December 1, 2009, the time period was changed to 14 days.

final"). However, this Court cannot construe Defendant's motion as one brought pursuant to § 2255 without (1) warning Defendant that this recharacterization would mean that any subsequently filed § 2255 motion would be subject to the limitations against second or successive motions, as detailed in § 2255(h); and (2) giving Defendant the opportunity to (a) object to the proposed recharacterization, (b) withdraw the filing, or (c) amend the filing. See Castro v. United States, 540 U.S. 375, 383 (2003).

In any event, this Court chooses not to recharacterize Defendant's Motion. See, e.g., United States v. Hall, 2006 WL 1806393, at *2 (N.D. Ill. 2006) (noting that a "court should be reluctant to recharacterize a motion as one brought pursuant to § 2255"). If Defendant wants to attempt to bring his claim pursuant to § 2255 or by some other means, he may do so by filing the appropriate documents, but should be mindful of the possible impediments to a § 2255 petition. See Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008) (in a case involving a § 2255 collateral attack, the Seventh Circuit disagreed with the "seven courts of

appeal that have held that a waiver of appeal does not relieve counsel of the duty to file a notice of appeal on a client's request" and held that "[o]nce a defendant has waived his right to appeal not only in writing but also in open court under Rule 11(b)(1)(N), the sixth amendment does not require counsel to disregard the waiver"); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999) (where a defendant waives the right to bring a collateral attack pursuant to § 2255, "the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver").

III.  CONCLUSION

For the reasons stated, Defendant's Motion for Leave to File Out-of-Time Appeal Pursuant to Federal Rules of Appellate Procedure (d/e 37) and Motion for Hearing (d/e 38) are DENIED.

ENTERED: July 23, 2012

FOR THE COURT:

          s/ Sue E. Myerscough
         SUE E. MYERSCOUGH
      UNITED STATES DISTRICT JUDGE