E-FILED
Friday, 06 November, 2020  09:29:01 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 09-cr-30020 |
| | ) |
| **KENNETH CRISSEY,** | ) |
| | ) |
| **Defendant.** | ) |

**<u>OPINION</u>**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Kenneth Crissey's pro se motion (d/e 42) and amended motion (d/e 45) for compassionate release requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A).  For the reasons set forth below, the motions are DENIED.

## I. BACKGROUND

On April 15, 2009, Defendant Jeffery Nelson pled guilty to two counts of distribution of child pornography in violation 18 U.S.C. § 2252A(a)(1), one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), and one count of forfeiture pursuant to 18 U.S.C. § 2253.  On September 21, 2009, Defendant

was sentenced to 204 months' imprisonment on Counts 1 and 2

and 120 months on Count 3 and a term of life of supervised release.

Defendant is currently serving his sentencing at FCI Loretto.  He

has a projected release date of December 16, 2023.

On October 13, 2020, Defendant filed a pro se motion for

compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) seeking

compassionate release due to COVID-19 being present at FCI

Loretto and his medical condition of approaching severe obesity.

See d/e 42.  On October 19, 2020, following the appointment of

counsel to represent Defendant, an amended second motion for

compassionate release was filed.  See d/e 45.  On October 22, 2020,

the Government filed a response opposing Defendant's motion.  See

d/e 47.  The Government argues that the relevant factors set forth

in 18 U.S.C. § 3553(a) do not warrant release of Mr. Crissey.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from

modifying a term of imprisonment once it has been imposed.  See

18 U.S.C. § 3582(c).  However, several statutory exceptions exist,

one of which allows the Court to grant a defendant compassionate

release if certain requirements are met.  See 18 U.S.C. §

3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or her request, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a

reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

In this case, Defendant submitted a compassionate release request to the warden of FCI Loretto, and the warden denied the request.  See Amended Motion, d/e 45, p. 2.  The Government does not dispute this.  See Response, d/e 47.  Therefore, the Court finds that Defendant has met the 30-day requirement found in 18 U.S.C. § 3582(c)(1)(A).

The Court must next consider whether "extraordinary and compelling reasons warrant such a reduction" and is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.  The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and

state governments have advised individuals to practice good hygiene and social distancing and isolation.  Social distancing can be difficult for individuals living or working in a prison.

FCI Greenville has zero inmates and eight staff members who actively have COVID-19.  See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed November 5, 2020).  The facility has obviously made strides in combating the disease as 55 inmates and 3 staff members have recovered from COVID-19.  Id.

Defendant argues that he should be released because he is a 61-year-old male with hypothyroidism, high cholesterol, a compromised immunity due to continued use of antibiotics to treat epididymitis, and obesity.  See d/e 69, p. 3.  Being obese places Defendant at higher risk of medical issues if he contracts COVID-19.  See People at Any Age with Underlying Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed November 5, 2020) ("People of any age with the following conditions are at increased risk of severe illness from COVID-19:...Obesity (body mass index [BMI] of 30 or higher)....").  However, that alone is

insufficient to find that extraordinary and compelling reasons warrant release.

While the Court is sympathetic to Defendant's medical conditions, the Court is concerned that Defendant remains a risk to the community.  The Court must reconsider the factors in § 3553(a).  Most importantly, Mr. Crissey has not participated in the Sex Offender Treatment Program offered by the Bureau of Prisons. He also did not submit a suitable release plan.  He argues that he will either be homeless or the Court can order him to go to a Residential Reentry Center in Peoria or Springfield, Illinois.  As of now, Peoria and Springfield Residential Reentry Centers would not accept Mr. Crissey.  The Bureau of Prisons is in the best position to offer Mr. Crissey placement at a Residential Reentry Center. Therefore, the Court finds that Mr. Crissey still poses a risk to the community if released.  The Court encourages Mr. Crissey to continue his rehabilitation efforts.

Based on the history and characteristics of Defendant and the nature and circumstances of the offense, the Court finds upon reconsideration of the factors in § 3553(a) that Defendant is not entitled to compassionate release.

## III. CONCLUSION

For the reasons set forth above, Defendant Kenneth Crissey's
pro se motion (d/e 42) and amended motion for compassionate
release (d/e 45) are DENIED.  The Clerk is DIRECTED to send a
copy of this Opinion to FCI Loretto.

ENTER:  November 5, 2020.

*s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE

9.